UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEXT IT CORPORATION, a Washington Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHANTANU ROY and JENNIFER ROY, husband and wife; JOSH KNOWLES, a single person, and NDALL SOLUTIONS, LLC, an Idaho corporation,<br><br>　　　　Defendants. | NO. CV-05-380-LRS<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE; SETTING FURTHER STATUS CONFERENCE FOR HEARING ON PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND ESTABLISHING SCHEDULE FOR HEARING ON PRELIMINARY INJUNCTION** |

　　Plaintiff is a Washington corporation in the business of software development and services. Plaintiffs have filed a Verified Complaint(Ct. Rec. 1), seeking a preliminary and permanent injunction and other relief, including redress for misappropriation of trade secrets and breach of contract associated with the defendants' alleged creation of a competing enterprise and taking of plaintiff's proprietary information. BEFORE THE COURT is Plaintiffs' Motion for Temporary Restraining Order, Expedited Discovery and Order to Show Cause filed December 1, 2005 (Ct. Rec. 3). On December 2, 2005, a telephonic hearing was held. Todd Reuter participated on behalf of the Plaintiff, John Guin participated on behalf

ORDER ~ 1

of Defendants Roy and Ndall, Mike McMahon participated on behalf of Defendant Knowles, and Rob Grier participated on behalf of third-party Delex.

The Court has reviewed all pleadings contained in the Court file, including the verified complaint and exhibits thereto, the memorandum filed in support of Plaintiff's motion, the Affidavit of Jim Hereford and the motion. In addition, the Court has reviewed the declarations produced at the time of the hearing, including the Declaration of Garnett "Sandy" Clark (Ct. Rec. 12) and the declaration of Defendant Josh Knowles. Having considered these pleadings and now having received oral argument and being advised in the premises finds that:

    a.   This Court has jurisdiction of the subject matter of this case and of all the named parties.

    b.   The Plaintiff has demonstrated a reasonably sufficient likelihood of ultimate success in establishing that the Defendants have engaged, and are continuing to engage, in acts and practices that violate state and federal law, as well as the parties employment and non-compete agreements.

    c.   There is good cause to believe that an immediate irreparable injury, loss, or damage will result to the Plaintiff, to wit, the loss of trade secrets and proprietary information, as well as the potential loss of customers and future business contracts, unless Defendants are immediately restrained and enjoined by order of this Court. The trade secrets and proprietary information includes a valuable computer source code, which is the product of extensive research and development efforts of the Plaintiff. The Defendants have had access to this information and

appear poised to take and use that information, thus causing immediate and irreparable injury, loss or damage to plaintiff.

    d.   Weighing the equities and considering the Plaintiff's likelihood of ultimate success, a temporary restraining order would be in the public interest.

    e. Though the Defendants were all contacted in advance of the hearing and participated in the hearing, counsel had very little time to consider the Plaintiff's pleadings by the time of the hearing. The Court considers this Order as granted without meaningful notice because the injury complained of appears imminent and irreparable. The Individual Defendants had access to key source code and customers. They have the expertise to use that code and have formed a competing enterprise for the apparent purpose of doing so. The loss of control over that code and the loss of customers cannot be fully compensated for with money damages. Further, Plaintiff has or will post bond to protect the interests of the Defendants in an amount the parties have expressly agreed to.

    Based upon the above considerations,

    **IT IS THEREFORE ORDERED**, that Plaintiff's Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause (Ct. Rec. 3) is **GRANTED IN PART**. That portion of Plaintiff's motion requesting Expedited Discovery shall be **DEFERRED** until Wednesday, **December 7, 2005**.

    **IT IS FURTHER ORDERED,**

that the Defendants and each of them, including all persons in active concert and participation with them, are hereby:

ORDER ~ 3

1. Enjoined from using, disclosing or transferring any Next IT proprietary information, trade secrets, or other confidential business information obtained during the Defendants' employment with Next IT;

2. Enjoined from soliciting, calling on or providing competing services for any person or entity for whom Next IT provided services during Defendant's term of employment with Next IT, said services to include the design, coding, testing, installation, service or maintenance of products in Next IT's commercial space, including agent technology, indexing, web scraping, web applications, security, and artificial intelligence;

3. Enjoined from soliciting, calling or providing competing services for any person or entity whose name Defendant became aware of during their employment with Next IT;

4. Enjoined from directly or indirectly recruiting or encouraging any employee of Next IT to accept employment or other business relationship with an employer, person or entity other than Next IT;

5. Enjoined from destroying, altering, erasing, deleting, fragmenting, disposing or otherwise spoiling any documents, electronic data, computer and related equipment, materials, or other vehicle for information storage that may be relevant to the determination of the issues presented in this lawsuit; and, is further ordered to preserve all written, electronic or other tangible communications created or received during the period Jan. 1, 2004 to present;

6. Ordered to appear before this court at the time and place to be ordered by the Court in a following order and show cause why a preliminary injunction should not be entered pending final judgment of

the court in this action.  The Court will establish the time and place of the preliminary injunction hearing at a follow up telephonic hearing on **WEDNESDAY**, **DECEMBER 7, 2005 AT 2:00 P.M.  The parties shall call the Court's public conference line (509-376-1330) at the time of the hearing**.

At that time the parties shall be prepared to discuss the Plaintiff's motion for expedited discovery and the need to preserve all relevant evidence for use in this action.  The parties shall also, if possible, submit a joint proposed scheduling order in advance of the hearing which addresses pre-hearing deadlines including, but not limited to, the filing of any cross-motions and briefing for the preliminary injunction hearing, the exchange of witness and exhibit lists, and the submission of Proposed Findings of Fact and Conclusions of Law.

IT IS FURTHER ORDERED that in accordance with the representations made by counsel for third-party Delex, Delex is ordered to comply with paragraph numbers one, five and six set forth above.

**IT IS FURTHER ORDERED** that Next IT shall post security in the amount of **$2,000** for the payment of Defendants' costs and damages that may be incurred in the event Defendants are found to be wrongfully enjoined or restrained by this Order.  Such security shall be posted no later than **MONDAY, DECEMBER 5, 2005 at 5:00 p.m.**.

///
///
///
///
///
///

ORDER ~ 5

1  The Temporary Restraining Order shall expire on **December 15, 2005
2  at 5:00 p.m.**, unless otherwise Ordered by the Court.  The parties may
3  stipulate to extend this TRO without filing a motion with this Court, but
4  shall notify chambers of any change.
5  **IT IS SO ORDERED.**
6  The District Court Executive is directed to file this Order and
7  provide copies to counsel.
8  **DATED** this 2nd day of December, 2005 at 5:22 p.m..

                          s/Lonny R. Suko
                          _____
                          LONNY R. SUKO
                          UNITED STATES DISTRICT JUDGE

ORDER ~ 6