UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEXT IT CORPORATION, a<br>Washington Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SHANTANU ROY and JENNIFER<br>ROY, husband and wife; JOSH<br>KNOWLES, a single person, and<br>NDALL SOLUTIONS, LLC, an<br>Idaho corporation,<br><br>           Defendants. | NO. CV-05-380-LRS<br><br><br>**STIPULATED PROTECTIVE ORDER<br>BETWEEN NEXT IT CORPORATION<br>AND JOSH KNOWLES** |

Having reviewed Plaintiff and Defendant Josh Knowles' Stipulated Motion for Entry of a Protective Order (Ct. Rec. 28), and finding good cause, the Court HEREBY **GRANTS** said motion and orders the following.

**IT IS HEREBY ORDERED:**

Plaintiff Next IT corporation and Defendant Josh Knowles shall be bound by the following terms:

1. When used in this Stipulated Protective Order, "Information" means all documents or other materials or media produced in response to discovery requests or otherwise conveyed during this litigation.

ORDER ~ 1

2. The Parties agree that, pursuant to this Stipulated Protective Order, any Party who produces Information in this litigation may designate any Information as "Confidential" if they have a good faith belief that the Information is or contains trade secrets or other confidential, proprietary, financial, or commercially-sensitive information.

3. The Parties agree that, except with the prior written consent of the producing party, the attorneys and Parties herein shall use any Information designated by any party as "Confidential" only for purposes of this action, and shall not disclose such Confidential Information, except as otherwise provided herein, to any person other than:

a. The Court and any persons employed by the Court whose duties require access to any materials filed in connection with this action;

b. Legal counsel for any Party in this action, their legal associates, paralegals, clerical and other support staff assisting in the representation of the Party to this action;

c. The Parties to this litigation, their employees, officers and directors whose duties require access to Information exchanged through discovery in this action;

d. Actual witnesses and potential witnesses in this action, and their counsel, to the extent reasonably deemed necessary by counsel for the witness's preparation for testimony;

e. Outside consultants and experts (and their employees) retained for the purpose of assisting in the prosecution and/or defense of this action;

f. Court reporters;

ORDER ~ 2

g. Mediators and/or Arbitrators that the Parties have agreed to use in an effort to resolve or narrow the issues in this case; and

h. Employees of copying and/or microfilming services utilized with respect to this action for the prosecution or defense thereof.

4. Prior to disclosure of any Information designated as "Confidential," any person included under subsections 4(d) and (e) shall agree in writing to comply with this Order by executing a Certificate of Knowledge of and Compliance with Stipulated Protective Order indicating that he or she has received and reviewed this Stipulated Protective Order and agrees to be bound by its terms. If such person refuses to be bound by the terms of the Stipulated Protective Order, no Confidential Information may be shown to that person outside the context of a sworn deposition. Deponents who refuse to agree to the terms of this Stipulated Protective Order on the record may be shown Confidential Information during the course of a deposition, but will not be allowed to keep a copy of the Confidential Information or the transcript of the deposition if the transcript recites, references, or describes the contents of the Confidential Information.

5. Any Party may challenge the designation of Information as "Confidential" by giving written notice that such Party intends to challenge the designation by raising the issue with the Court. Notice must be made to the Party who produced the Information not less than fourteen (14) days prior to filing any motion. If, within ten (10) days after receipt of the notice, the Party who produced the Information makes a written objection to the Party giving the notice, the Information shall remain designated as "Confidential" until this Court orders otherwise.

1    If timely written objection is not made, the Party who produced the
2    Information shall be deemed to have waived any objection to the
3    disclosure of the designated Information and the Information may be
4    treated as non-confidential without further order of the Court.

5        6. With respect to any communications to the Court, including any
6    pleadings, motions or other papers, all documents containing
7    "Confidential" Information shall be communicated to the Court in a sealed
8    envelope or other appropriate sealed container on which shall be written
9    the caption of this lawsuit, an indication of the contents of the sealed
10   envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT
11   TO A PROTECTIVE ORDER," and the Clerk of this Court is directed to
12   maintain such materials under seal.

13       7. Inadvertent failure to designate any Information "Confidential"
14   shall not constitute a waiver of an otherwise valid claim of
15   confidentiality pursuant to this Stipulated Protective Order, so long as
16   a claim of confidentiality is asserted within fifteen days after the
17   producing Party has noticed the inadvertent failure to designate the
18   Information as "Confidential".  At such time, arrangements shall be made
19   by the Parties to designate the Information "Confidential" in accordance
20   with this Stipulated Protective Order.

21       8. Except as otherwise agreed in writing, at the conclusion of this
22   action, whether the action be settled, otherwise resolved in full prior
23   to trial, or tried on the merits, the obligations imposed by this
24   Stipulated Protective Order shall remain in effect.  All copies of
25   "Confidential" Information shall be promptly destroyed by party
26   possessing it.

ORDER ~ 4

9. Any person or entity receiving "Confidential" Information under this Stipulated Protective Order who is then later served with a subpoena for any such Information shall give counsel for the Parties at least seven (7) days' notice (or reasonable notice if the time for compliance with the subpoena is less than seven (7) days) before producing any such Information.

10. The terms of this Stipulated Protective Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation, and the Court shall continue to retain jurisdiction to enforce the terms of this Stipulated Protective Order.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of December, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 5