UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEXT IT CORPORATION, a Washington Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHANTANU ROY and JENNIFER ROY, husband and wife; JOSH KNOWLES, a single person, and NDALL SOLUTIONS, LLC, an Idaho corporation,<br><br>　　　　Defendants. | NO. CV-05-380-LRS<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN NEXT IT CORPORATION, DEFENDANTS ROY, NDALL, AND DELEX SYSTEMS, INC.** |

　　Having reviewed Plaintiff and Defendants Roy, Ndall, and Delex Systems Joint Motion for Stipulated Protective Order re: Confidentiality (Ct. Rec. 36)[1], and finding good cause, the Court HEREBY **GRANTS** said motion and orders the following.

　　**IT IS HEREBY ORDERED:**

　　Plaintiff Next IT Corporation and Defendants Shantanu Roy and Jennifer Roy, Defendant Ndall Solutions, LLC, and Delex Systems, Inc. shall be bound by the following terms:

---

　　[1] The Clerk of the Court shall **STRIKE** Ct. Rec. 32, filed in error, from the Court's pending motion report.

PROTECTIVE ORDER ~ 1

All documents and information (including information stored on a computer, diskette or other storage media) produced in the course of discovery, all answers to interrogatories, all answers to requests for admissions, all deposition testimony, and all other evidence and testimony shall be subject to and governed by the terms of the following Protective Order.

## I. ATTORNEY'S EYES ONLY INFORMATION

1. The ATTORNEY'S EYES ONLY documents and information (including responses to interrogatories, requests for production of documents and things, and requests for admission) may be designated as such by marking documents, or, in the case of electronically stored information, by marking the diskette or other storage media ATTORNEY'S EYES ONLY. ATTORNEY'S EYES ONLY documents and information shall mean (a) highly sensitive information of any party that could cause serious competitive harm or other serious harm if such information is disclosed to any other person except counsel and those other persons authorized by the disclosing party as set forth below, and (b) personal information belonging or relating to any individual.

2. At a deposition, any party may designate testimony as ATTORNEY'S EYES ONLY and portions of deposition transcripts so designated shall be transcribed separately and clearly marked ATTORNEY'S EYES ONLY. All persons present at the deposition except the witness, counsel, the court reporter, and any person authorized under the terms of Paragraph 3, below, shall leave the room while the designated testimony is being given. The parties shall have ten (10) calendar days following the date that the official hard copy of the deposition transcript is received from

the court reporter to designate any additional portions thereof ATTORNEY'S EYES ONLY by advising the other party in writing. All parties shall thereupon mark those portions of the deposition ATTORNEY'S EYES ONLY.

3.   Information designated as ATTORNEY'S EYES ONLY may only be disclosed to the Court, the receiving party's counsel, the receiving party's "Independent Expert Witness or Consultant," and Welsh & Katz Ltd., special counsel for Delex Systems, Inc., subject to the terms set forth herein, as set forth below:

(a) "Counsel" shall mean disclosure may be made to employees of counsel of record, excluding in house counsel, for the parties who have direct functional responsibility for the preparation and trial of the lawsuit and Robert F. Greer, R. Mark Halligan and employees of Welsh & Katz, Ltd. as special counsel for Delex Systems, Inc. Any such employee to whom counsel makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order and execute the Undertaking of Confidentiality attached hereto as EXHIBIT A. Counsel shall maintain a list of persons who have signed such Undertaking of Confidentiality and provide it to opposing counsel upon written request.

(b) "Independent Expert Witness or Consultant" shall mean a person not presently an employee of any party to this proceeding who is retained or sought to be retained by or on behalf of a receiving party to this proceeding to advise and assist in the preparation and presentation of the receiving party's case and who has been approved by the disclosing party to receive its ATTORNEY'S EYES ONLY documents and information pursuant to Paragraphs 4 and 5 below and who will become subject to the

provisions of this Protective Order and execute the Undertaking of Confidentiality attached hereto as EXHIBIT A.

(c) Designation of any response to written discovery (interrogatories, requests for documents or things, and requests for admission) shall be made by marking the response ATTORNEY'S EYES ONLY and shall be set forth in a document separate from the document setting forth responses that are not marked ATTORNEY'S EYES ONLY, and shall be treated the same as any other document marked ATTORNEY'S EYES ONLY. To the extent that any answers to interrogatories, transcripts, depositions, responses to requests for admissions, or any other papers filed or to be filed with the court reveal or tend to reveal information claimed to be ATTORNEY'S EYES ONLY, these papers or any portions thereof shall be filed under seal by the filing party with the clerk of the court in an envelope marked SEALED. A reference to this Protective Order should also be made on the envelope.

4. ATTORNEY'S EYES ONLY documents and information shall not be shown to an Independent Expert Witness or Consultant until

(a) the Undertaking attached as EXHIBIT A is dated and executed;

(b) the executed Undertaking has been first approved by the disclosing party.

5. To obtain approval under Paragraph 4 (b) supra, the receiving party must send a facsimile copy of the Independent Expert Witness's or Consultant's executed undertaking and Curriculum Vitae to the disclosing party with a specific written request for approval. The disclosing party shall then have ten (10) calendar days to object in good faith to disclosure of ATTORNEY'S EYES ONLY information. If an objection is not

PROTECTIVE ORDER ~ 4

made within that time period, the disclosing party is deemed to have approved all disclosures of ATTORNEY'S EYES ONLY information to that Independent Expert Witness. If an objection is made, the parties shall seek in good faith to resolve the objection before filing a motion with the Court. If the objection cannot be resolved by the parties, the receiving party may file a motion with the Court and shall certify to the Court that the parties attempted to resolve the objection.

6. Counsel shall keep all documents and information designated as ATTORNEY'S EYES ONLY under this Protective Order secure within their exclusive possession and shall place such documents in a secure area separate from the area in which other documents in the case are stored. No separate copies of documents or information designated ATTORNEY'S EYES ONLY shall be retained or kept during the pendency of this case by any person other than counsel.

7. All copies, duplicates, extracts, summaries, or descriptions, including work product of counsel of documents or information designated as ATTORNEY'S EYES ONLY under this Protective Order, or any portion thereof, shall be immediately marked ATTORNEY'S EYES ONLY, if the document has not already been so marked.

8. The ATTORNEY'S EYES ONLY designation by a disclosing party may be challenged by the receiving party by explaining the basis for the challenge in writing. The disclosing party shall respond to the written challenge within ten (10) calendar days of receipt of the challenge by explaining the basis for the designation. If the parties in good faith cannot resolve the challenge, the receiving party may file a motion with the Court, certifying that the parties have attempted to resolve the

PROTECTIVE ORDER ~ 5

dispute. The parties shall abide by the disclosing party's designation until the Court resolves the issue.

9. At the conclusion of the litigation, including all appeals, all documents and information designated or treated as ATTORNEY'S EYES ONLY under this Protective Order shall, at the option of the disclosing party, either be returned to the disclosing party, or the receiving party's counsel shall certify under oath that it has destroyed all such documents and information, providing a list of same, date of destruction, and identity of the person responsible for destruction to the party. All work product of counsel incorporating, summarizing or describing any document or information designated ATTORNEY'S EYES ONLY shall be destroyed by the receiving party's counsel and the receiving party's counsel shall certify under oath that it has destroyed all such material, providing a list of same, date of destruction, and identity of the person responsible for destruction.

10. Nothing in this Protective Order shall be construed to limit in any way the rights of the disclosing party or its counsel with respect to the disclosure or use of information that the disclosing party has designated as ATTORNEY'S EYES ONLY documents and information.

**II. ADDITIONAL PROVISIONS**

11. The designation of information as ATTORNEY'S EYES ONLY by the disclosing party shall not be deemed an admission by the receiving party that such information has such a status.

12. Designations of ATTORNEY'S EYES ONLY shall be made in good faith by the disclosing party and the receiving party may request relief from the Court if there is an abuse of or injustice arising from this

order but only after first seeking in good faith to resolve any dispute relating thereto.

13. The documents and information designated as ATTORNEY'S EYES ONLY shall not be used or communicated by any person receiving it, or to whom it is disclosed in any manner, for any purpose whatsoever, other than as expressly set forth herein and as necessary for preparation for trial or settlement of this litigation .

14. There shall be no reproduction of information designated as ATTORNEY'S EYES ONLY except as required for preparation for trial or settlement of this case. Any summaries, notes or extractions of ATTORNEY'S EYES ONLY information shall be designated as ATTORNEY'S EYES ONLY and shall be shown or provided to those persons only under the conditions set forth in this Order.

15. Information designated as ATTORNEY'S EYES ONLY may be referred to by the parties in notices, motions, briefs, or any other pleadings or papers, and may be referred to in depositions, but only to the extent no information contained within the four corners of the so designated document or information or substance thereof is disclosed. Information designated as ATTORNEY'S EYES ONLY may be marked as exhibits in this action, but only to the extent such exhibits are disclosed consistent with Paragraph 3(iii) herein.

16. If, at the time of trial or other proceeding in open court, the plaintiff or defendants intend to introduce into evidence any information designated as ATTORNEY'S EYES ONLY, counsel for that party shall give timely notice of that intention to the Court and to opposing counsel so that the Court may take such steps as it shall deem reasonably necessary

PROTECTIVE ORDER ~ 7

to preserve the confidentiality of such information during trial or other proceeding in open court

17.  Nothing in this Order shall prevent any party from seeking a modification of this Order or additional security measures to preserve the confidentiality of such designated information.

18.  Any person who violates the terms of this Order may be found in contempt of court and subject to penalties as the Court may deem just and proper upon application and proof of the subject violation.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of December, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER ~ 8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEXT IT CORPORATION, a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANTANU ROY and JENNIFER ROY, husband and wife; JOSH KNOWLES, a single person, and NDALL SOLUTIONS, LLC, an Idaho corporation,<br><br>    Defendants. | NO. CV-05-380-LRS<br><br>UNDERTAKING TO ABIDE BY PROTECTIVE ORDER REGARDING CONFIDENTIALITY |

Under oath, I, _____, declare that:

    1.   My address is _____.

    2.   My present employer and the address of my present employer is set forth below.

_____
_____

    3.   My present occupation or job description is:

_____
_____

PROTECTIVE ORDER ~ 9

4. I have attached hereto my curriculum vitae and/or resume and it contains a full and accurate description of my educational background and my employment history for the past five years.

5. I have been requested to assist _____ in the preparation and conduct of this action and have received a copy of the Protective Order.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will not copy or use any ATTORNEY'S EYES ONLY information which is disclosed to me except as may be necessary to assist counsel or to testify as an expert witness in this action.

9. I will return all ATTORNEY'S EYES ONLY information which comes into my possession at the conclusion of the litigation and/or I will provide a sworn certificate of destruction of such information.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

///
///
///
///
///
///

PROTECTIVE ORDER ~ 10

11. I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 200__.


                      _____

                      Name:_____

SUBSCRIBED AND SWORN to before me on the ___ day of _____, 200_.


                                        _____

                                        Notary Public in and for the State of Washington, Residing at _____

                                        My Commission Expires: _____

PROTECTIVE ORDER ~ 11