HONORABLE LONNY R. SUKO

J. CHRISTOPHER LYNCH, WSBA # 17462
TODD REUTER, WSBA # 20859
PRESTON GATES & ELLIS LLP
601 West Riverside Avenue, #1400
Spokane, WA 99201-0636
Telephone: (509) 624-2100
Facsimile: (509) 444-7864
jclynch@prestongates.com
treuter@prestongates.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| NEXT IT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANTANU ROY and JENNIFER ROY, husband and wife; JOSH KNOWLES, a single person, NDALL SOLUTIONS, LLC, an Idaho corporation,<br><br>Defendants. | No. 05-CV-00380-LRS<br><br>ORDER OF DISMISSAL WITH PREJUDICE<br><br>[Proposed] |

THIS COURT, having considered the parties' Stipulated Motion for Entry of an Order of Dismissal With Prejudice, and finding good cause,

ORDER OF DISMISSAL - 1

K:\47599\00005\XAME\XAMEP22XF

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0628
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

**IT IS HEREBY ORDERED:**

1. The motion is granted;

2. No attorneys fees or costs shall be awarded to any party;

3. A true and correct copy of the Settlement and Release Agreement between Plaintiff Next IT Corporation and Defendants Shantanu Roy, Jennifer Roy, and Ndall Solutions, LLC, is attached to this Order and incorporated herein; and

4. This action is hereby dismissed with prejudice.

ENTERED this 19th day of ~~April, 2006.~~ May, 2006.

s/Lonny R. Suko
_____
Honorable Lonny R. Suko

PRESENTED BY:

| PRESTON GATES & ELLIS | WINSTON & CASHATT |
|---|---|
| s/ Todd Reuter | s/ John H. Guin |
| J. Christopher Lynch, WSBA #17462 | John H. Guin, WSBA #26794 |
| jclynch@prestongates.com | jhg@winstoncashatt.com |
| Todd Reuter, WSBA #20859 | Courtney R. Beaudoin |
| treuter@prestongates.com | crb@winstoncashatt.com |
| Attorneys for Plaintiff | Attorneys for Defendants Roy & NDALL SOLUTIONS, LLC |
| PRESTON GATES & ELLIS LLP | WINSTON & CASHATT |
| 601 West Riverside Avenue, #1400 | 601 West Riverside Avenue, #1900 |
| Spokane, WA 99201-0636 | Spokane, WA 99201-0636 |

ORDER OF DISMISSAL - 2

K:\47599\00005\XAME\XAMEP22XF

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0628
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Courtney R. Beaudoin | crb@winstoncashatt.com |
| John H. Guin | jhg@winstoncashatt.com |
| Kammi L. Mencke | klm@winstoncashatt.com |
| Robert Franklin Greer, II | rfgreer@fgglaw.com |

Dated this 21st day of April, 2006.

PRESTON GATES & ELLIS

By s/ Todd Reuter
Todd Reuter, WSBA # 20859
trueter@prestongates.com
Attorneys for Plaintiff
PRESTON GATES & ELLIS LLP
601 West Riverside Avenue, #1400
Spokane, WA 99201-0636
Telephone: (509) 624-2100
Facsimile: (509) 444-7864

ORDER OF DISMISSAL - 3

K:\47599\00005\XAME\XAMEP22XF

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0628
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into as of April 12, 2006, by and among Next IT Corporation ("NIT"); Ndall Solutions, LLC ("Ndall"); and Shantanu and Jennifer Roy ("Roys") (each a "Party" and collectively herein, the "Parties").

## RECITALS

WHEREAS NIT, Ndall and Roys are parties in an action entitled *Next IT Corporation v. Roy, et al*, United States District Court for the Eastern District of Washington, Cause No. CV-05-380-LRS (the "Lawsuit"), and;

WHEREAS, Shantanu Roy ("Mr. Roy") is currently employed by Delex Systems Inc., a Virginia corporation, and;

WHEREAS the Parties wish to resolve all disputes between them by the execution of this Agreement, a copy of which will be filed in the Lawsuit;

NOW, THEREFORE, in consideration of the covenants undertaken and the releases contained in this Agreement, the Parties agree as follows:

1.  Protection of Proprietary Information: Roys agree to refrain from transferring, publishing, disclosing, using or reporting, directly or indirectly, any NIT computer source code, copyright, patents (pending or approved), trade secret, specific design logic, or specific software architectural formulae ("Proprietary Information") that:

    (a) Mr. Roy was exposed to at NIT;

    (b) Were utilized or developed by NIT;

    (c) Were incorporated into any of its proprietary products known as Flex Engine™, Converge™, Scout™, ActiveAgent™, Active Intel™, Active Sentry™, and InSpectre™; and

1

(d) Create or support the following technologies as they are used in any of the NIT products listed in paragraph 1(c) immediately above:

i. Agent-based applications that reside on the client's system;

ii. The monitoring or analyzing of, or alerting on, the network user actions for security or insider threat purposes at the client level;

iii. Agent-based applications that read, analyze or log input and actions of computer system users, and then intelligently report, block, or notify others whenever a configurable security or network policy sensitive event happens on computers or the network;

iv. Natural Language Processing ("NLP") technology;

v. Through the use of agent-based applications and/or NLP, the ability to parse incoming text streams from any given source for the purpose of extracting the relevant numbers, keys, vocabulary, synonyms, concepts or intent and then, based on the extracted knowledge, take appropriate actions. This is sometimes referred to as "Concept Recognition Technology;"

vi. The ability to connect to multiple data sources (database, web page, web service, file based documents, test files, etc.) for the purpose of retrieving data and creating an index from the contents utilizing NLP techniques to create an automatic hierarchy of relevant data, documents or links and to summarize relevant documents;

vii. Agent-based Internet Relay Chat ("IRC") monitoring technology;

2

    viii. Interactive virtual agent technology. This includes applications that provide a virtual entity capable of interpreting both traditional search keywords and natural language user input to determine the user's intent from a conceptual perspective, and then responds through an application event that can return a textual or audible response, or may interact with other applications or databases;

    ix. Log analysis technology that is used to perform system and security auditing, and security event logging, across a network utilizing NLP techniques or otherwise similar to subsection (viii) immediately above;

    x. The use of virtual agents to help correlate related concepts in any data source including the classified data of government intelligence agencies, enabling and allowing the different national security agents to find each other, share their information, and search others' classified data for relevant information, all without violating security rules.

2. <u>Limited Non-Competition</u>:

(a) For a period of two years from August 3, 2005, Mr. Roy will not engage, directly or indirectly, in any employment, occupation, consulting or other activities in which he architects, writes, supports, sells, or develops any software applications that (1) have substantially the same function as Flex Engine™, Converge™, Scout™, ActiveAgent™, Active Intel™, Active Sentry™, or InSpectre™ and (2) contain or are derived from any of NIT's Proprietary Information that utilizes any of the Next IT technologies listed in paragraph 1 (i-x) above.

3

(b) Nothing contained in this Agreement shall prevent or preclude Mr. Roy from contacting, soliciting, or providing services to any NIT customers or prospective customers, provided Mr. Roy is not in violation of paragraphs 1 or 2(a) above in doing so.

(c) Nothing contained in this Agreement shall prevent or preclude Mr. Roy from architecting, writing, supporting, selling, or developing any technologies or software applications that do not utilize NIT's Proprietary Information as set forth in paragraphs 1 or 2(a) above.

(d) Mr. Roy agrees that until August 3, 2008 he shall provide a letter containing the provisions of paragraphs 1 and 2(a) of this Agreement (the "Letter") to any prospective employer, client or participant in a service contract of any kind (hereafter, an "Employer") prior to accepting employment or undertaking said services. The Letter will be in substantially the same form as Exhibit 1 hereto. An officer or human resources employee of the new Employer shall sign a receipt or a copy of the Letter. Roy shall return a copy of the receipt or signed Letter to Next IT within five business days of obtaining it. If any such prospective Employer initiates contact with Next IT, Next IT will limit its response to confirming job description and dates of employment. Provided, however that if Mr. Roy is involuntarily terminated from Delex Systems Inc., Roy is only required to provide the Letter to prospective Employers that compete or contemplate competing with Next IT in the areas referenced in paragraphs 1 or 2(a) above.

3. Roys will upon execution of this Agreement surrender their NIT stock by execution of the Assignment Separate from Certificate, attached hereto as Exhibit 2.

4. NIT has agreed to release Roys and Ndall from all claims as described below in consideration for the stock surrender and the terms of this Agreement, including the duration of all time periods set forth in this Agreement. Roys expressly hereby agree that this consideration supports Mr. Roy's agreement to the duration of the time periods set out in this Agreement and

4

Roys waive any right to argue to the contrary. Mr. Roy represents that, to his knowledge, any work he has performed for Delex Systems Inc. through the date of this Agreement is work relating solely to Government classified space. Based on this representation, NIT expressly hereby agrees that Mr. Roy may remain employed with his current employer, Delex Systems Inc., provided he is not in violation of paragraphs 1 and 2 of this Agreement, and NIT hereby acknowledges that any claims against Roys and/or Delex Systems Inc. with respect to such employment through the date hereof are waived and released under the terms of paragraph 6 below. Provided however, that the aforementioned release of Delex Systems Inc. does not apply in the event that Delex has violated, or in the future does violate, paragraphs 1 or 2 above.

5. The substantially prevailing party in any action to enforce this Agreement shall be entitled to an award of its reasonable attorney fees and costs from the opposing party. Such award of fees and costs shall include but not be limited to attorney fees or costs incurred in the Lawsuit (CV-05-380-LRS) through the date of this Agreement in an amount not to exceed $100,000.

6. Except as expressly set forth in this Agreement, and in consideration for obligations set forth herein, the Parties hereby mutually forever release and discharge each other, together with all of their past, present, and future parent companies, affiliates, subsidiaries, attorneys, officers, directors, representatives, employees, agents, successors, assigns, and insurers, from any and all existing or potential disputes, claims, demands, rights, liens, agreements, contracts, covenants, damages, judgments, liabilities, debts, controversies, costs, expenses, injuries, losses, causes of action, or suits of any kind or nature whatsoever, in law, equity, under statute, or otherwise, whether now known or unknown, suspected or unsuspected, concealed or hidden, vested or contingent, arising from or related to Mr. Roy's employment at NIT. This release specifically includes without limitation claims for wages or other compensation.

Mr. Roy has filed a claim with the Equal Employment Opportunity Commission under Charge No. 551-2006-00567. Mr. Roy hereby agrees not to pursue that claim and to withdraw it by close of business on April 17, 2006.

Furthermore, this release specifically includes any claims or causes of action by NIT arising out of or relating to any facts disclosed to or made known to NIT or its counsel during discovery in the Lawsuit relating to:

(a) Mr. Roy's communications and dealings with Sandy Clark, Josh Knowles, Corporate Risk International, or other customers or prospective customers or employees of NIT; and

(b) Mr. Roy's work and employment with Delex Systems, Inc. to date.

7. This Agreement is the settlement and compromise of a contested claim among the Parties, entered into to avoid the continued expense and burden of litigation. No party admits fault or liability in regards to this claim.

8. This Agreement represents and contains the entire agreement and understanding among and between the Parties with respect to the subject matter of the Agreement and the Lawsuit, and supersedes any and all discussions, negotiations, understandings and agreements among the Parties, whether written or oral, concerning the subject matter of this Agreement and the Lawsuit. No representation, warranty, understanding, or agreement of any kind with respect to the subject matter hereof shall be relied upon by any of the Parties unless expressly incorporated herein. Any amendment, supplement or other modification of this Agreement shall be in writing and duly executed by each of the Parties.

9. The Parties acknowledge that this Agreement was prepared with the input of the Parties and that this Agreement shall not be interpreted against any other party if any uncertainty or ambiguity is found to exist in the interpretation of this Agreement.

10. This Agreement shall be governed by the laws of the State of Washington.

11. Should a court of competent jurisdiction find any provision of this Settlement Agreement, or portion hereof, to be unenforceable, that provision of this Settlement Agreement will be enforced to the maximum extent permissible so as to effect the intent of the Parties, and the remainder of this Agreement will continue in full force and effect

SO AGREED.

**NEXT IT CORPORATION**

By _____
Its President_____
Dated_____

**NDALL SOLUTIONS LLC**

By _/s/ Shantanu Roy_____
Its Managing Member
Dated __4/14/2006_____

**SHANTANU ROY**

_/s/ Shantanu Roy_____
Dated __4/14/2006__

**JENNIFER ROY**

_/s/ Jennifer Roy_____
Dated __April 14, 2006__

# EXHIBIT 1

## TO APRIL 12, 2006 SETTLEMENT AND RELEASE AGREEMENT

## BETWEEN NEXT IT CORP. AND SHANTANU ROY, ET AL

Dear _____. I am looking forward to starting work with [NewCo]. Due to obligations I have to a former employer (Next IT Corporation), I need to confirm in writing that up until August 3, 2007 I will not be working at [NewCo] on assignments where I would architect, write, support, sell, or develop any software applications that have substantially the same function as Next IT's Flex Engine™, Converge™, Scout™, ActiveAgent™, Active Intel™, Active Sentry™, or InSpectre™ and contain or are derived from Next IT computer source code, copyright, patents (pending or approved), trade secret, specific design logic, or specific software architectural formulae that utilizes any of the following Next IT technologies:

  i.   Agent-based applications that reside on the client's system;

  ii.  Monitoring or analyzing of, or alerting on, the network user actions for security or insider threat purposes at the client level;

  iii. Agent-based applications that read, analyze or log input and actions of computer system users, and then intelligently report, block, or notify others whenever a configurable security or network policy sensitive event happens on computers or the network;

  iv.  Natural Language Processing ("NLP") technology;

  v.   Through the use of agent-based applications and/or NLP, the ability to parse incoming text streams from any given source for the purpose of extracting the relevant numbers, keys, vocabulary, synonyms, concepts or intent and then, based on the extracted knowledge, take appropriate actions. This is sometimes referred to as "Concept Recognition Technology;"

  vi.  The ability to connect to multiple data sources (database, web page, web service, file based documents, test files, etc.) for the purpose of retrieving

> data and creating an index from the contents utilizing NLP techniques to create an automatic hierarchy of relevant data, documents or links and to summarize relevant documents;
>
> vii. Agent-based Internet Relay Chat ("IRC") monitoring technology;
>
> viii. Interactive virtual agent technology. This includes applications that provide a virtual entity capable of interpreting both traditional search keywords and natural language user input to determine the user's intent from a conceptual perspective, and then responds through an application event that can return a textual or audible response, or may interact with other applications or databases;
>
> ix. Log analysis technology that is used to perform system and security auditing, and security event logging, across a network utilizing NLP techniques or otherwise similar to subsection (viii) immediately above;
>
> x. The use of virtual agents to help correlate related concepts in any data source including the classified data of government intelligence agencies, enabling and allowing the different national security agents to find each other, share their information, and search others' classified data for relevant information, all without violating security rules.

I am allowed to work on assignments in these areas, but only after August 3, 2007. Also, even after that date, I won't be able to use any trade secrets or other confidential information about these products and technologies that I learned during my employment at Next IT Corp.

Having said all that, I'm eager to start and appreciate the opportunity. Thank you and please sign and return this to me.

_____

Shantu Roy

Date: _____

Received and acknowledged:

_____

Title:_____

Date:_____

13

## EXHIBIT 2

### TO APRIL 12, 2006 SETTLEMENT AND RELEASE AGREEMENT BETWEEN NEXT IT CORP. AND SHANTANU ROY, ET AL

ASSIGNMENT SEPARATE FROM CERTIFICATE

For value received, the undersigned hereby redeems, assigns and transfers unto

*NEXT IT CORPORATION*,

whose address is: 421 W. Riverside Ave., Suite 1150

Spokane, WA 99201

and whose social security number or EIN is 91-2178084,

the following: TWENTY FIVE THOUSAND (25,000)

shares of stock in *NEXT IT CORPORATION*;

and does hereby irrevocably constitute and appoint **Dan J. Cadagan III**, Attorney to transfer the said shares on the books of the said company, with full power of substitution in the premises.

DATED this  14  day of  April , 2006.

_____

*(Print Name)* Shantanu Roy


Signature guaranteed:

_Jennifer Roy_

K:\47899\00005\JTR\JTR_02447

14